JAN 0 5 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-Cr-60003-Williams/Hunt

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

ERNEST BERNARD GONDER JR.,

Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

*The Small Business Administration*

1.      The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.      As part of this effort, the SBA enabled and provided loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

1

## *The Paycheck Protection Program*

3.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic.  One source of relief that the CARES Act provided was the Paycheck Protection Program ("PPP"), which authorized forgivable loans to small businesses for job retention and certain other expenses.

4.     The SBA promulgated regulations concerning eligibility for a PPP loan.  To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation on February 15, 2020, and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. Payments to independent contractors are typically reported to the Internal Revenue Service ("IRS") on a "Form 1099-MISC."  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; (b) gross income; and (c) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

5.     In addition, a business applying for a PPP loan was required to provide documentation showing its payroll expenses. This payroll information was material to the application because, pursuant to statutory requirements and implementing regulations, the amount of the loan that typically could be approved was a function of the applicant's historical payroll

costs, consisting of compensation to its employees whose principal place of residence was the United States, subject to certain exclusions.

6. PPP loan applications were processed by participating lenders and third-party loan processors. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies by electronic transfer through the Automated Clearing House (ACH) system. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

7. The proceeds of a PPP loan could be used only for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments for the business. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, or jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

8. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the borrower utilized 60% of the loan in the 24 weeks post-disbursement toward payroll costs and utilized the remaining 40% on qualified expense items (e.g., mortgage, rent, and utilities).

9. Applying for PPP loan forgiveness was a separate process that required additional affirmations that the applicant satisfied the eligibility for PPP loan forgiveness. Whatever portion of the PPP loan that was not forgiven was serviced as a loan.

### The Defendant & Relevant Lender

10. **ERNEST BERNARD GONDER JR.** was a resident of Palm Beach County, Florida, and worked in Broward County, Florida.

11. Lender 1 was a participating lender in the PPP, and was based in Fort Lee, New Jersey.

## COUNTS 1-2
### Wire Fraud
### (18 U.S.C. § 1343)

12. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

13. From in or around April 1, 2021, through in or around July 22, 2021, in Broward County, Florida, in the Southern District of Florida, and elsewhere, the defendant,

**ERNEST BERNARD GONDER JR.,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

14. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of a false and fraudulent applications for a PPP loan made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; (b) causing the disbursement of PPP loans to himself; and (c) submitting and causing the submission of false and fraudulent applications for forgiveness of PPP loans made to him which he was not entitled to receive.

## **THE SCHEME AND ARTIFICE**

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

15. **ERNEST BERNARD GONDER JR.** submitted and caused the submission of a materially false and fraudulent application for a PPP loan from the SBA through Lender 1 on behalf of himself as a Limited Liability Corporation (LLC) which PPP application included materially false and fraudulent information as to the borrower's average monthly payroll and number of employees, among other things.

16. **ERNEST BERNARD GONDER JR.** submitted and caused the submission of materially false and fraudulent information and documentation in support of the application for a PPP loan, including a falsified 2020 Internal Revenue Service "Employer's Quarterly Federal Tax Return" Form 941, among other things.

17. As a result of a false and fraudulent PPP loan application submitted as part of this scheme, **ERNEST BERNARD GONDER JR.** caused Lender 1 to approve PPP loan number 4533458705 for **ERNEST BERNARD GONDER JR.** and to disburse approximately $106,540.00 to **ERNEST BERNARD GONDER JR.** at his JP Morgan Chase Bank account number ending in 3725 in the name of **EBG PROPERTIES, LLC**.

18. In furtherance of the scheme and artifice, **ERNEST BERNARD GONDER JR.** submitted and caused the submission of materially false and fraudulent application information to Lender 1 to cause and attempt to cause the forgiveness of PPP loan 4533458705 to **ERNEST BERNARD GONDER JR.** to which he was not entitled.

19. As a result of a false and fraudulent PPP loan application submitted as part of this scheme, **ERNEST BERNARD GONDER JR.** caused Lender 1 to approve PPP loan number 7423158701 for **ERNEST BERNARD GONDER JR.**, and to disburse approximately $61,210.00

to **ERNEST BERNARD GONDER JR.** at his JP Morgan Chase Bank account number ending in 0759 in the name of **THE IMPACT CENTER OF BROWARD COUNTY INC.**

20. In furtherance of the scheme and artifice, **ERNEST BERNARD GONDER JR.** submitted and caused the submission of materially false and fraudulent application information to Lender 1 to cause and attempt to cause the forgiveness of PPP loan 7423158701 to **ERNEST BERNARD GONDER JR.** to which he was not entitled.

21. **ERNEST BERNARD GONDER JR.** used the proceeds of the scheme and artifice to enrich himself.

## USE OF WIRES

22. On or about the dates specified as to each count below, **ERNEST BERNARD GONDER JR.**, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as more particularly described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | April 2, 2021 | Disbursement of SBA loan number 4533458705 from Lender 1 in the approximate amount of $106,540.00 by Automated Clearing House transfer to a JP Morgan Chase Bank account number ending in 3725. |
| 2 | April 12, 2021 | Disbursement of SBA loan number 7423158701 from Lender 1 in the approximate amount of $61,210.00 by Automated Clearing House transfer to a JP Morgan Chase Bank account number ending in 0759. |

In violation of Title 18, United States Code, Section 1343.

6

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ERNEST BERNARD GONDER JR.**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_Thomas J. Mulrhill_
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_Marc Anton_
MARC S. ANTON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

ERNEST BERNARD GONDER JR.

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami ☐ Key West ☐ FTP
☒ FTL ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I  ☒ 0 to 5 days
   II ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV ☐ 21 to 60 days
   V  ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _/s/ Marc Anton_____
Marc S. Anton
Assistant United States Attorney
FL Bar No. 0148369

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Ernest Bernard Gonder, Jr.

**Case No**: _____

Counts #: 1-2

Wire Fraud, Title 18, United States Code, Section 1343

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**